JEFFREY I. WEINBERGER (SBN 056214)
*jeffrey.weinberger@mto.com*
TED G. DANE (SBN 143195)
*ted.dane@mto.com*
HEATHER E. TAKAHASHI (SBN 245845)
*heather.takahashi@mto.com*
ELIZABETH E. LAUGHTON (*pro hac vice*)
*elizabeth.laughton@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Ángeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ERIC K. CHIU (State Bar No. 244144)
*eric.chiu@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiffs
TAKEDA PHARMACEUTICAL CO., LTD.,
TAKEDA PHARMACEUTICALS U.S.A,
INC., AND TAKEDA PHARMACEUTICALS
AMERICA, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAKEDA PHARMACEUTICAL CO., LTD., TAKEDA PHARMACEUTICALS U.S.A., INC., AND TAKEDA PHARMACEUTICALS AMERICA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>TWI PHARMACEUTICALS, INC.,<br><br>Defendant. | Case No. 5:13-cv-02420 LHK (PSG)<br><br>**TAKEDA'S NOTICE OF MOTION AND MOTION TO STRIKE TWI'S EXPERT OPINIONS ON INVALIDITY NOT DISCLOSED IN TWI'S INVALIDITY CONTENTIONS**<br><br>Date:     March 19, 2015<br>Time:    1:30 p.m.<br>Judge:   Hon. Lucy H. Koh<br>             San Jose Courthouse<br>             Courtroom 8 - 4th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 19, 2015, at 1:30 PM, or as soon thereafter as counsel may be heard, in Courtroom 8, 4th Floor, of this Court, before the Honorable Lucy H. Koh, Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Takeda") shall and hereby do move to strike portions of the Opening Expert Report of Dr. Edmund J. Elder, Jr., the Reply Expert Report of Dr. Edmund J. Elder, Jr., the Opening Expert Report of Dr. Michael Mayersohn, and the Reply Expert Report of Dr. Michael Mayersohn, related to opinions regarding invalidity that were not disclosed in the Invalidity Contentions served by Defendant TWi Pharmaceuticals, Inc. ("TWi"), in this case.

This motion is based on the accompanying memorandum of points and authorities, the accompanying Declaration of Heather E. Takahashi, all pleadings and papers of record and on file in this case, and such other evidence and argument as may be presented to the Court before or at the time of the hearing.

DATED: February 9, 2015            MUNGER, TOLLES & OLSON LLP
                                   HEATHER E. TAKAHASHI


                                   By:  */s/ Heather E. Takahashi*
                                        HEATHER E. TAKAHASHI

                                   Attorneys for Plaintiffs
                                   TAKEDA PHARMACEUTICAL CO., LTD.,
                                   TAKEDA PHARMACEUTICALS U.S.A., INC., AND
                                   TAKEDA PHARMACEUTICALS AMERICA, INC.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................................. 1

II.    RELEVANT FACTUAL BACKGROUND ..................................................................... 2

       A.     TWi's Invalidity Contentions ................................................................................. 2

              i.     TWi Did Not Identify Dietrich In Connection With Anticipation Of
                     The '187 Patent ........................................................................................... 2

              ii.    TWi Did Not Identify The Lack Of Enablement Theory Relied
                     Upon By Its Experts For The '158 Patent ................................................... 4

       B.     TWi's Motions To Amend Its Invalidity Contentions ............................................ 5

       C.     TWi's Expert Reports .............................................................................................. 5

III.   ARGUMENT .................................................................................................................... 7

       A.     The Requirements In The Patent Local Rules ........................................................ 7

       B.     TWi's Allegations Of Anticipation Based On Dietrich Should Be Stricken ............ 8

       C.     TWi's New Non-Enablement Theory Should Be Stricken ................................... 10

       D.     TWi's Violation Of The Patent Local Rules Has Prejudiced Takeda .................... 10

IV.    CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-01846-LHK, 2012 WL 1067548 (N.D. Cal. Mar. 27, 2012) .............................. 11

*ASUS Computer Int'l v. Round Rock Research, LLC*,
   No. 12-cv-02099-JST (NC), 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014) ........................... 8

*Avago Techs. Gen. IP Ltd. v. Elan Microelectronics Corp.*,
   No. C 04-05385 JW, 2007 WL 2433386 (N.D. Cal. Aug. 22, 2007)......................................... 9

*Barco N.V. v. Tech. Props., Ltd.*,
   No. 5:08-cv-5398-JF/HRL, 2011 WL 3957390 (N.D. Cal. Sept. 7, 2011) ............................ 10

*Brilliant Instruments, Inc. v. GuideTech, Inc.*,
   No. C 09-5517 CW, 2011 WL 900369 (N.D. Cal. Mar. 15, 2011)........................................... 8

*CBS Interactive, Inc. v. Etilize, Inc.*,
   257 F.R.D. 195 (N.D. Cal. 2009) ........................................................................................... 11

*Cohesive Techs., Inc. v. Waters Corp.*,
   543 F.3d 1351 (Fed. Cir. 2008)................................................................................................ 8

*Duro-Last, Inc. v. Custom Seal, Inc.*,
   321 F.3d 1098 (Fed. Cir. 2003)................................................................................................ 8

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
   593 F. Supp. 2d 1088 (N.D. Cal. 2009) aff'd, 616 F.3d 1357 (Fed. Cir. 2010)...................... 10

*Largan Precision Co., v. Genius Elec. Optical Co.*,
   No. 13-CV-02502-JD, 2014 WL 6882275 (N.D. Cal. Dec. 5, 2014) ............................. 8, 9, 10

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
   No. C 12-00852 WHA, 2012 WL 4097740 (N.D. Cal. Sept. 17, 2012) ................................ 10

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
   No. 11-CV-5341 YGR, 2014 WL 690161 (N.D. Cal. Feb. 21, 2014) ....................... 1, 8, 9, 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006)............................................................................................ 1, 8

*Verinata Health, Inc. v. Sequenom, Inc.*,
   No. C 12-00865 SI, 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) ..................................... 1, 9

# TABLE OF AUTHORITIES
### (continued)

**Page**

**FEDERAL STATUTES**

35 U.S.C. § 102 ............................................................................................................... 2, 8

35 U.S.C. § 103 .................................................................................................................. 8

35 U.S.C. § 112 ............................................................................................................ 4, 6, 7

**PATENT LOCAL RULES**

L.R. 3-3 ...................................................................................................................... *passim*

1 **MEMORANDUM OF POINT AND AUTHORITIES**

2 **I.     INTRODUCTION**

3   The Patent Local Rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006).[1] It is well established in this district that "a party can only change the theories of invalidity contained in its contentions upon a showing of good cause, which requires a showing of both diligence and a lack of prejudice." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *5 (N.D. Cal. Aug. 20, 2014). Expert testimony regarding invalidity theories not previously disclosed in the Patent Local Rule 3-3 invalidity contentions is not permitted at trial. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014).

  Nevertheless, TWi's experts, Dr. Edmund J. Elder, Jr., and Dr. Michael Mayersohn, rely on two invalidity theories that do not appear in TWi's invalidity contentions, and that were disclosed for the first time in their expert reports, after the close of fact discovery. First, Dr. Elder and Dr. Mayersohn express the opinion in their expert reports that the asserted claims of the '187 patent are anticipated — that is, entirely disclosed — by a single prior art reference, Dietrich. The only mention of Dietrich in TWi's invalidity contentions is as one of a long list of references that TWi alleged *in combination* established obviousness, not anticipation.

  In addition, TWi's experts have expressed the opinion that the asserted claims of the '158 patent are not enabled because, in their view, undue experimentation would be required for one of ordinary skill to make a dosage form like that of claim 1, which can be taken "regardless of whether the patient is under fasted or fed conditions" that is, "without regard to food." *See* Claim Construction Order [D.N. 78] at 38. TWi presented at least three different theories regarding lack of enablement of the '158 patent in its invalidity contentions; the theory included in its experts' reports, however, was not among them.

---

[1] Citations and internal quotation marks omitted unless otherwise noted.

By introducing new invalidity theories in its expert reports on December 4, 2014, after the close of discovery, TWi disregarded the procedures set forth in the Patent Local Rules and prejudiced Takeda's ability to obtain full and timely discovery of TWi's invalidity theories. Takeda had less than three weeks to analyze and respond to TWi's new theories and to prepare rebuttal invalidity expert reports, which were served on December 22, 2014. This is precisely the type of situation that the disclosure requirements of the Patent Local Rules were designed to avoid. Takeda thus requests that TWi's new invalidity theories be stricken from its expert reports and that TWi be prohibited from relying on those theories in any further proceedings.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     TWi's Invalidity Contentions

TWi served its invalidity contentions pursuant to Patent Local Rule 3-3 on November 4, 2013 (hereinafter, "Invalidity Contentions"). *See* Declaration of Heather E. Takahashi ("Takahashi Decl.") Ex. A (Invalidity Contentions).

#### i.     TWi Did Not Identify Dietrich In Connection With Anticipation Of The '187 Patent

In its Invalidity Contentions, TWi contended that certain claims of the '187 patent are anticipated under 35 U.S.C. § 102 by two references, Akiyama and Muir. First, TWi asserted that "[e]ach of claims 1-2, 5-8, and 10-17 of the '187 Patent is anticipated by Akiyama I, as the reference discloses each and every limitation of claims 1-2, 5-8, and 10-17."[2] Takahashi Decl. Ex. A (Invalidity Contentions) at 47. Second, TWi contended that "[e]ach of claims 1-2, 5-8, 10, 13, and 17 of the '187 Patent is anticipated by Muir, as the reference discloses each and every limitation of claims 1-2, 5-8, 10, 13, and 17."[3] *Id*. at 54. TWi's Invalidity Contentions do not allege that any other reference anticipates the '187 patent.

Dietrich (International Patent Application Publication WO 00/09092) is disclosed by TWi in its Invalidity Contentions only as one of a large number of references that, in combination, TWi

---

[2] "Akiyama I" refers to PCT Publication No. WO 2004/035020. TWi noted that "[a]ll references to Akiyama I are also intended to be a reference to corresponding text in Akiyama II and Akiyama III." Ex. A (Invalidity Contentions) at 47 n.5. TWi referred to U.S. Patent No. 7,790,755 as "Akiyama II" and U.S. Publication No. 2006/0013868 as "Akiyama III."

[3] "Muir" refers to PCT Publication No. WO 01/24777.

alleged rendered the claims in suit obvious. Under the subheading "Obviousness," TWi alleged that "[e]ach of the asserted claims 1-2, 5-8, and 10-17 of the '187 Patent are invalid as obvious in view of Akiyama I, Muir, Beckert I, Lundberg I, Cherukuri, Percel, <u>Dietrich</u>, Louie-Helm, Lenaerts, and/or Odidi, alone or in combination, and further in view of the admitted prior art recited in the '187 Patent specification, as discussed in detail below." *Id*. at 58 (emphasis added). TWi also alleged that "[t]he prior art references Beckert I, Odidi, López-Cabrera, Lenaerts, Louie-Helm, Percel, <u>Dietrich</u>, and/or Cherukuri, render obvious all the asserted claims 1-2, 5-8, 10-17, alone in light of the knowledge of a person of ordinary skill in the art, and/or in combination with other prior art references cited herein and in view of the admitted prior art." *Id.* at 86 (emphasis added).

Consistent with its inclusion of Dietrich as merely one among a host of other obviousness references and not as a single, all-inclusive anticipatory reference, TWi did not cite Dietrich as disclosing all the limitations of the asserted claims of the '187 patent in the claim charts required by Patent Local Rule 3-3(c). As reflected below, for independent claim 1 of the '187 patent, TWi did not identify Dietrich in connection with the limitation "wherein each of the first and second doses comprise a sufficient amount of the PPI to raise plasma levels of the PPI to a threshold concentration of at least 100 ng/ml."

| wherein each of the first and second doses comprise a sufficient amount of the PPI to raise plasma levels of the PPI to a threshold concentration of at least 100 ng/ml. | Akiyama I: Examples 5, 6, 11, and 21; Experiment Examples 1-3 and 6<br>Lenaerts: ¶¶ [0065]-[0067]<br>López-Cabrera: 2:54-62<br>Lundberg I: 2:11-18; 21:11-13<br>Muir: 16:6-11; Fig. 4<br>Admitted prior art: '187 Patent at 2:22-26; 2:43-47; 8:34-37; 8:60-63; 9:44-52 |
|---|---|

*Id*. at Exhibit B-3. TWi also failed to identify Dietrich in connection with asserted dependent claims 5 and 16. *See id.* at Exhibit B-4, B-8. Furthermore, the only portions of Dietrich cited by TWi in its claim charts were the Abstract, pages 7 and 8, and claims 2 and 10 . *Id*. at Exhibit B.

TWi's anticipation opinion based on Dietrich, however, is based on Dietrich Example 2, on page 6, as to which TWi made no reference in its original claim charts.

In sum, TWi's Invalidity Contentions made clear that TWi was asserting, at most, that Dietrich renders certain claims of the '187 patent obvious.

### ii. TWi Did Not Identify The Lack Of Enablement Theory Relied Upon By Its Experts For The '158 Patent

While TWi's Invalidity Contentions allege that the '158 Patent is invalid due to lack of enablement under 35 U.S.C. § 112, ¶ 1, those allegations are based on different theories than the one advanced by TWi's experts in their reports. *Id.* at 98-101. As explained below, TWi disclosed three enablement theories in its Invalidity Contentions.

First, TWi alleged that the '158 patent does not enable particular limitations in claims 9, 10, and 11 relating to bioequivalency. *Id.* at 98-99. Takeda subsequently dropped its assertion that TWi infringes claims 9, 10, and 11. Takahashi Decl. ¶ 11.

Second, TWi alleged that claim 1 was not enabled because it refers to "treating . . . a patient" and data in the patent was obtained using "healthy" subjects. *Id.* at 99-100. TWi no longer advances this theory.

Third, TWi alleged that claims 1 and 4 were not enabled because the patent discloses statistically significant differences between the fed and fasted states for certain of the pharmacokinetic data points presented in the '158 patent, presumably suggesting that the exemplary formulation could not be administered "without regard to food.". *Id.* at 100-01. TWi has also abandoned this theory.

These are the only theories of non-enablement presented for the '158 patent in TWi's Invalidity Contentions, and TWi's experts have not included any of these theories in their expert reports. The only enablement opinions they do include involve a fourth, previously undisclosed theory: that a person of ordinary skill in the art would not be able to prepare a *formulation* that meets the "without regard to food" limitation of the claim 1 of the '158 patent without engaging in undue experimentation. Not only does this theory not appear in TWi's Invalidity Contentions; the

word "formulation" is not used even once in TWi's non-enablement contentions for the '158 patent.

### B. TWi's Motions To Amend Its Invalidity Contentions

Despite twice moving for leave to amend its Invalidity Contentions in this case, TWi never sought leave to amend its Invalidity Contentions to add the invalidity theories that are the subject of the present motion. On June 4, 2014, TWi moved to add five additional prior art references (Andersson, Brummer, Moules, Roohss, and Thomson) and to provide additional non-enablement arguments. [*See generally* D.N. 77.] Judge Grewal denied the motion, finding that TWi had not acted diligently in seeking amendment. [D.N. 98.] Subsequently, on October 30, 2014, TWi moved a second time to amend its Invalidity Contentions to argue that the '187 patent is anticipated by an alleged offer for sale. [*See* D.N. 118.] Judge Grewal granted the motion. [*See* D.N. 128.]

### C. TWi's Expert Reports

Takeda first received notice of TWi's new invalidity theories when it received TWi's opening expert reports on December 4, 2014. Dr. Elder expresses his opinion that the asserted claims of the '187 patent are anticipated by Dietrich in paragraphs 17, 52, and 74-86 of his opening report and paragraphs 7-26 of his reply report. *See* Takahashi Decl. Ex. B (Elder Opening Report) and Takahashi Decl. Ex. D (Elder Reply Report). Similarly, Dr. Mayersohn expresses his opinion that the asserted claims of the '187 patent are anticipated by Dietrich in paragraphs 31, 66, and 95-107 of his opening report. *See* Takahashi Decl. Ex. C (Mayersohn Opening Report) and Takahashi Decl. Ex. E (Mayersohn Reply Report). Neither Dr. Elder nor Dr. Mayersohn has opined that the '187 or the '158 patent is invalid as obvious.

Furthermore, for their opinion that Dietrich anticipates the asserted claims of the '187 patent, Dr. Elder and Dr. Mayersohn rely heavily on Example 2 on page 6 of Dietrich, which was not cited anywhere in TWi's Invalidity Contentions or accompanying claim charts. *See, e.g.*, Takahashi Decl. Ex. B (Elder Opening Report) at ¶¶ 75, 77-78; Takahashi Decl. Ex. D (Elder Reply Report) at ¶¶ 7-26; Takahashi Decl. Ex. C (Mayersohn Opening Report) at ¶¶ 95, 97-103; *see also* Takahashi Decl. Ex. F (Dietrich).

TWi's experts also opined in their reports that the '158 patent is invalid for lack of enablement pursuant to 35 U.S.C. § 112, because undue experimentation would allegedly be required for one of ordinary skill to make and use a formulation that can be taken without regard to meals as required by claim 1 of the '158 patent.[4] Dr. Elder sets forth his opinions regarding this non-enablement theory in paragraphs 15, 17, 116, and 129-149 of his opening report and paragraphs 27-41 of his reply report. *See* Takahashi Decl. Ex. B (Elder Opening Report); Takahashi Decl. Ex. D (Elder Reply Report). He summarizes the essence of his non-enablement theory as follows:

> 134. While I do not disagree that a person of skill in the art will know how to review the myriad of disclosures in the patent specification and make educated guesses regarding a starting point for developing a formulation, that is all they would be doing—making educated guesses—as there is no guidance whatsoever regarding how to reach the "without regard to food" result claimed by the patent. In effect, a person of skill would have to "re-invent" the wheel as the invention has not been disclosed above, just the end result, i.e. an effective treatment regardless of whether the patient is in the fed or fasted condition.
>
> 135. Based on this complete absence of guidance a person of skill would have to choose among thousands of excipients and millions of permutations of those excipients to reach a formulation. And then that formulation would have to be tested to determine if it met the fed/fasted limitation of the asserted claims of the patent.

Takahashi Decl. Ex. B (Elder Opening Report) at 47. Dr. Mayersohn provided similar opinions in paragraphs 31 and 141-148 of his opening report and paragraphs 25-29 of his reply report, which he summarizes as follows:

> 148. One would have to conduct at least one of the two studies [sic] methodologies described above in order to determine if a proposed formulation could be dosed without regard to meals. Given the complicated and expensive nature of these studies, it is my opinion that a trial and error approach to conduct these food effect studies would amount to undue experimentation.

Takahashi Decl. Ex. C (Mayersohn Opening Report) at 45; Takahashi Decl. Ex. E (Mayersohn Reply Report).

---

[4] This is the only non-enablement theory for the '158 patent set forth in Dr. Elder's and Dr. Mayersohn's reports.

After Takeda received TWi's opening reports, Takeda raised the issue of TWi's new invalidity theories with TWi in correspondence dated December 10, 2014. *See* Takahashi Decl. Ex. G (2014-12-10 Takeda Letter to TWi re Expert Reports). Takeda noted that TWi's expert reports included new theories of anticipation and non-enablement and explained that Takeda was prejudiced by TWi's assertion of these new theories. *See id.* Takeda requested that TWi agree to withdraw its new invalidity theories and to refrain from further pursuing them in this case. *Id.*

Takeda also brought this issue to the Court's attention at the case management conference on December 10, 2014, and informed the Court that it intended to file the present motion. *See* Takahashi Decl. Ex. H (12-10-14 Hearing Transcript) at 62:3-18.[5] The Court then set a briefing and argument schedule. [*See* D.N. 129 at 2-3.] In addition, on December 12, 2014, counsel for Takeda and TWi met and conferred regarding the present motion. TWi declined to withdraw its experts' opinions and stated that it would oppose Takeda's motion. *See* Takahashi Decl. ¶ 10.

## III. ARGUMENT

### A. The Requirements In The Patent Local Rules

Patent Local Rule 3-3 requires a party opposing a claim of patent infringement to serve "Invalidity Contentions." These invalidity contentions "shall contain," among other things, "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Patent L.R. 3-3(a). Patent Local Rule 3-3(b) requires that invalidity contentions disclose "[w]hether each item of prior art anticipates each asserted claim or renders it obvious" and must also contain "[a] chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." Patent L.R. 3-3(b)-(c). Invalidity contentions must also contain "[a]ny grounds of invalidity based on . . . 35 U.S.C. § 112(2) or enablement . . . of any of the asserted claims." Patent L.R. 3-3(d).

The Patent Local Rules' disclosure requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to

---

[5] Notably, at that Hearing, TWi informed the Court that it "eliminated obviousness as a theory." *See* Ex. H (12-10-14 Hearing Transcript) at 32:13-15. TWi has similarly represented to Takeda's counsel on multiple occasions that it does not intend to pursue obviousness as a theory of invalidity in this case.

litigate their cases." *MediaTek*, 2014 WL 690161, at *1. Accordingly, "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, *new invalidity theories*, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099-JST (NC), 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (emphasis added). If a party fails to secure leave to amend or to timely disclose its new theories, a court may exclude evidence or strike portions of expert reports related to those new theories. *See O2 Micro*, 467 F.3d at 1369; *Brilliant Instruments, Inc. v. GuideTech, Inc.*, No. C 09-5517 CW, 2011 WL 900369, at *2 (N.D. Cal. Mar. 15, 2011) (granting motion to strike portions of an expert report relying on prior art references not in invalidity contentions).

### B.   TWi's Allegations Of Anticipation Based On Dietrich Should Be Stricken

As set forth in detail above, TWi's Invalidity Contentions did not identify an anticipation theory based on Dietrich, or provide support for any such theory in the claim charts submitted with those Contentions. . *See* Takahashi Decl. Ex. A (Invalidity Contentions). TWi cited Dietrich only as one among a host of references cited in support of an obviousness defense. This is a wholly different defense with different constituent elements. *See Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1107-08 (Fed. Cir. 2003) ("Simply put, the various . . . invalidity defenses that may be raised by a defendant [including] the several forms of anticipation . . . under § 102, and obviousness under § 103 — require different elements of proof."); *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008) (("Obviousness can be proven by combining existing prior art references, while anticipation requires all elements of a claim to be disclosed within a single reference.").

TWi's failure to disclose its new theories in accordance with the Patent Local Rules means that TWi should be barred from arguing at summary judgment or trial that Dietrich anticipates the '187 patent. Such a result honors the purposes animating the Patent Local Rules and follows firmly established precedent in this district. *See, e.g.*, *Largan Precision Co., v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *3-4 (N.D. Cal. Dec. 5, 2014) (striking new anticipation theory based on prior art disclosed only in connection with obviousness in expert

-8-  CASE NO. 5:13-CV-02420 LHK (PSG)
MOTION TO STRIKE NEW INVALIDITY THEORIES IN TWI EXPERT REPORTS

1  report); *id.* at *5 (striking expert's reliance on reference to teach certain claim limitations when
2  invalidity contentions did not disclose that reference taught that limitation); *MediaTek*, 2014 WL
3  690161, at *4-5 (striking certain portions of expert report relying on theories not disclosed in
4  Patent L.R. 3-3 disclosures); *id.* at *4 ("Because Freescale never identified Bhuyan against Claim
5  5, it is barred under Local Rule 3–3 from doing so now."); *Verinata Health*, 2014 WL 4100638, at
6  *7 (striking from expert report any citations to a prior art reference for limitations that were not
7  charted against the reference).
8      Moreover, as discussed above, TWi cited only the Abstract, pages 7 and 8, and claims 2
9  and 10 of Dietrich in its Invalidity Contentions, which clearly do not disclose all of the limitations
10 of the claims of the '187 patent . *See* Takahashi Decl. Ex. A (Invalidity Contentions) at Exhibit B.
11 TWi's experts now rely on an entirely different portion of Dietrich to support their anticipation
12 arguments, namely Example 2 on page 6. However, TWi did not identify these pages in its
13 Invalidity Contentions or its claim charts for the '187 patent. *See, e.g.*, Takahashi Decl. Ex. C
14 (Mayersohn Opening Report) at 24-28 (relying almost exclusively on Dietrich Example 2), Ex. B
15 (Elder Opening Report) at 27-30 (same); *see also* Takahashi Decl. Ex. F (Dietrich). This Court has
16 made clear that a party is permitted to rely only on the specific citations disclosed in its Invalidity
17 Contentions. *See, e.g., Largan*, 2014 WL 6882275, at *5-6 (striking expert opinions based on
18 portions of reference not cited in Invalidity Contentions); *Avago Techs. Gen. IP Ltd. v. Elan*
19 *Microelectronics Corp.*, No. C 04-05385 JW, 2007 WL 2433386, at *1 (N.D. Cal. Aug. 22, 2007)
20 (affirming magistrate's decision to strike paragraphs in an expert report discussing portions of
21 prior art references not identified in claim charts). This additional failure to comply with the Local
22 Patent Rules provides a sufficient independent basis to strike TWi's experts' opinions concerning
23 Dietrich.
24     Accordingly, the portions of TWi's expert reports setting forth opinions on anticipation of
25 the '187 patent by Dietrich should be stricken and TWi should be prohibited from further pursuing
26 its theories of anticipation based on Dietrich.
27
28

**C.     TWi's New Non-Enablement Theory Should Be Stricken**

In addition to its new anticipation theory, TWi's expert reports also contain a brand new non-enablement theory which is nowhere to be found in TWi's Invalidity Contentions. While TWi's Invalidity Contentions set forth three other non-enablement theories with respect to the '158 patent, they do not disclose the theory now asserted by TWI in its expert reports — that the '158 patent is not enabled because of lack of guidance in preparing a formulation that would meet the "without regard to food" limitation in claim 1 of the '158 patent. There can be no justification for TWi's failure to disclose this theory in accordance with the local rules. All the information that TWi needed to develop this argument is contained in the patent specification. *See Barco N.V. v. Tech. Props., Ltd.*, No. 5:08-cv-5398-JF/HRL, 2011 WL 3957390, at *2 (N.D. Cal. Sept. 7, 2011) (finding that because enablement tests "whether a person skilled in the art, 'after reading the specification, could practice the claimed invention without undue experimentation,'" defendant "should [be] able to assert its lack of enablement theories based on the patent specifications alone").

TWi's decision to assert a new non-enablement theory for the first time in its opening expert reports violates the Patent Local Rules. *See, e.g.*, *MediaTek*, 2014 WL 690161, at *4-5; *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 593 F. Supp. 2d 1088, 1102 (N.D. Cal. 2009) *aff'd*, 616 F.3d 1357 (Fed. Cir. 2010) ("Further, to the extent that Daewoo now presents an entirely new ground for arguing that claims 1, 3 and 4 are indefinite, based on the doctrine of claim differentiation, that argument is waived by Daewoo's failure to include this theory in its invalidity contentions, as required under the Patent Local Rules."). Accordingly, the portions of TWi's expert reports setting forth opinions on non-enablement of the '158 patent should be stricken and TWi should be prohibited from further pursuing its new non-enablement theory.

**D.     TWi's Violation Of The Patent Local Rules Has Prejudiced Takeda**

The Court need not consider the question of prejudice in determining whether to strike portions of TWI's expert reports. *See Largan*, 2014 WL 6882275, at *5 (prejudice need not be shown to strike invalidity contentions); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012) ("[U]nless reasonable diligence

has been found, prejudice need not be considered in failures to comply with patent local rules."); *Apple, Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012) ("Only if the moving party is able to show diligence may the court consider prejudice to the non-moving party.").

Nevertheless, Takeda has indeed been prejudiced by TWi's failure to abide by the Patent Local Rules. Takeda first received notice of TWi's new invalidity theories when it received TWi's opening expert reports on December 4, 2014. Takeda then had less than three weeks to analyze and respond to TWi's new theories and to work with its experts to prepare corresponding rebuttal invalidity expert reports, which were served on December 22, 2014. As this Court has noted, "[t]he Patent Local Rules disfavor untimely discoveries that leave the opposing party with little time to conduct discovery on a new theory." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 203 (N.D. Cal. 2009). TWi's failure to abide by the Patent Local Rules caused unfair surprise to Takeda and forced it to prepare its rebuttals to TWI's theories on an extremely expedited time frame. TWi's behavior should not be countenanced.

## IV.    CONCLUSION

For the foregoing reasons, Takeda respectfully requests that the Court grant this motion and accordingly (1) strike TWI's previously undisclosed invalidity theories from its expert reports and that TWi and (2) prohibit TWi from advancing or in any way relying on those theories in any further proceedings.

Respectfully submitted,

DATED: February 9, 2015

MUNGER, TOLLES & OLSON LLP
HEATHER E. TAKAHASHI

By: ___*/s/ Heather E. Takahashi*___
HEATHER E. TAKAHASHI

Attorneys for Plaintiffs
TAKEDA PHARMACEUTICAL CO., LTD.,
TAKEDA PHARMACEUTICALS U.S.A., INC., AND
TAKEDA PHARMACEUTICALS AMERICA, INC.